UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY SCOTT VAN HUISEN,<br><br>                    Plaintiff,<br><br>     v.<br><br>ERIC LAFRADES,<br><br>                    Defendant. | Case No. 23-cv-04800-PCP<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND, AND GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS*<br><br>Re: Dkt. No. 3 |

Gregory Van Huisen, an inmate at the Mule Creek State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. The Complaint is now before the Court for review under 28 U.S.C. § 1915A. Mr. Van Huisen's Complaint is dismissed because it does not state a claim for relief.

**I.   BACKGROUND**

Under "Statement of Claim," Mr. Van Huisen writes the following:

> Constructive treason; can be construed as a trespass case. In light of perspective a landmark case. Companion case, Van Huisen v. House of Representatives; 525 U.S. 316 1999 Department of Census v. H.O.R., case in point civil conspiracy, and election contest ([illegible]) was given property to hold, treacherous intent. Property was sic. Given for diminution. Consider Black Codes, stealth factor, & omerta. Defamatory communication, sic. Isaiah 59:5, causation, sic. They hatch vipers eggs and from that which is crushed a viper breaks out (egg/ "malapportioned"), sic rights. This resident is "adverse witness," Oklahoma; civil conspiracy, consider omerta, silent conspiracy for constructive transfer.

Compl. at 2.

When prompted to request specific relief, Mr. Van Huisen writes the following:

> Violation of depravities & immunities; real property, coveting; trespassing, sic. 620 West 11th St., Antioch, CA 94509. Reprisal for Constitutional/ blockbusting. Civil RICO & injunctive relief, see

> companion case Docket 2:23cv01869-ckd, compensatory damages, punitive damages, reasonable attorney fees, cost of suit and further relief deemed nec."

*Id.*

## II. Legal Standard

Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III. Analysis

Mr. Van Huisen does not state any claim for relief. Although he mentions treason, trespass, conspiracy, elections, property, and defamation, Mr. Van Huisen does not identify any injury that has been done to him, nor does he identify a person responsible for any injury. Although Mr. Van Huisen directs the Court to "companion case[s]," he voluntarily dismissed those cases.[1]

If Mr. Van Huisen chooses to amend, he must explain how he was injured, what violation of a constitutional provision or federal law caused that injury, and what remedy he seeks for the injury. Mr. Van Huisen also must explain who injured him, when, and where. Mr. Van Huisen should provide this information in plain English, rather than attempting to write in legalese.

Mr. Van Huisen states that he did not grieve his injury because something is "out of jurisdiction." Compl. at 2. Mr. Van Huisen must explain what this means. For example, was he injured at a previous place of incarceration, and moved before he had the chance to grieve his injury? Or would exhaustion be futile because the wrongdoer is no longer employed at the prison where Mr. Van Huisen is incarcerated?

---

[1] If Mr. Van Huisen intended to dismiss this case as well, he should so inform the Court as soon as possible.

**IV.     Conclusion**

The Complaint is dismissed with leave to amend.

Mr. Van Huisen's *in forma pauperis* application is **GRANTED**. The initial partial filing fee is $3.00. *See* 28 U.S.C. § 1915(b)(1) (requiring a court to assess an initial filing fee of 20 percent of a prisoner's average monthly deposits or monthly balance, whichever is greater). A copy of this order and the attached instructions will be sent to Mr. Van Huisen and the institution's trust account office.

Mr. Van Huisen may file a FIRST AMENDED COMPLAINT within **thirty-five days** from the date this order is filed. The first amended complaint must include the caption and civil case number used in this order (CV 23-4800-PCP (PR)) and the words FIRST AMENDED COMPLAINT on the first page. If Mr. Van Huisen files a first amended complaint, he must specify the claims he intends to pursue, and must allege facts that demonstrate he is entitled to relief on every claim. An amended complaint supersedes the original complaint. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262-63 (9th Cir. 1992) (where an amended complaint did not name all the defendants to an action, they were no longer defendants).

**Failure to file an amended complaint within thirty-five days and in accordance with this order will result in a finding that further amendment would be futile. If Mr. Van Huisen fails to amend, this action will be dismissed with prejudice.**

It is Mr. Van Huisen's responsibility to prosecute this case. Mr. Van Huisen must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).


**IT IS SO ORDERED**.

Dated: April 15, 2024

_____
P. CASEY PITTS
United States District Judge

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE**

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action in forma pauperis in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid.

If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis and these instructions.

**The prisoner's name and case number must be noted on each remittance.** The initial partial filing fee is due **within thirty days** of the date of the attached order. Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:   Plaintiff/Petitioner