UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY SCOTT VAN HUISEN,<br><br>Plaintiff,<br><br>v.<br><br>ERIC LAFRADES, et al.,<br><br>Defendants. | Case No. 23-cv-04800-PCP<br><br>**ORDER OF DISMISSAL**<br><br>Re: Dkt. No. 9 |

Gregory Van Huisen, an inmate at the Mule Creek State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. The Court dismissed his original complaint with leave to amend and provided detailed instructions on how to amend. Dkt. No. 6. After two extensions of time, Mr. Van Huisen filed an amended complaint. Dkt. No. 10.[1]

Mr. Van Huisen's amended complaint is now before the Court for review under 28 U.S.C. § 1915A. The amended complaint is dismissed without leave to amend because it does not state a claim for relief.

I.   **BACKGROUND**

Under "Statement of Claim," Mr. Van Huisen writes the following:

> Dishonor/protest; civil disobedience – the dishonor was undue influence/ unlawful activity. Such as: A petty bag office or amount of cash approximately $37,500, same and similiak to Hamans plot to destroy the jews (Esther 3:10) and the amount he offered. The Hatch Act – concise. See Isaiah 59.5. Interpose/ Serpent. The money was given to me at 620 West 11th St. Antioch CA 94509. My residence! The money was returned back to Mr. Lafrades. Tainted loot. Money

---

[1] The Court granted one extension of time. Dkt. No. 8. Mr. Van Huisen moved for a second extension of time, which was received at the same time as his Amended Complaint. *See* Dkt. No. 9. The second extension request is granted *nunc pro tunc*.

> endorses entrapment and a immoral contract. Constituting outlawry. Wicked and evil intent in a plan to overthrow the United States government. Dissolution. Mania. See Van Huisen vs. H.O.R. A case of 1st impression ships on the horizon – (2:24-cv-00246KJN(P)) the Nina; a separate but equal station.

Am. Compl. at 3.

When prompted to request specific relief, Mr. Van Huisen writes the following:

> Defendants actions, venom – the Hatch Act Isaiah 59.5 were motivated by evil intent. Defendant is not named in any other suit except Van Huisen v. USA, et al 27 Defendants. Constructive treason, a sovereign offense. If he is a paid DEA I am suing him in his official capacity of r $27,000,000.00

*Id*.

## II.   Legal Standard

Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III.   Analysis

The Court identified the deficiencies in Mr. Van Huisen's original complaint and provided clear guidance on how to remedy those deficiencies. *See* Dkt. No. 6, at 2. Despite that guidance, Mr. Van Huisen again does not state any claim for relief. *See generally* Am. Compl.

Although district courts generally afford prisoner litigants the opportunity to amend their complaint, a district court may deny leave to amend if it finds any of: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; [or] (5) [the] plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Here, Mr. Van Huisen was given an opportunity and detailed instructions on how to amend but still did not state a cognizable claim for relief. *Compare* Dkt. No. 6 *with* Am. Compl. The Court concludes that further leave to amend would be futile and should not be granted. *Janicki*

*Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (leave to amend need not be given where amendment would be futile).[2]

### IV. Conclusion

This action is dismissed for failure to state a claim upon which relief may be granted. Because amendment would be futile, dismissal is without leave to amend.

The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: October 7, 2024

P. Casey Pitts
United States District Judge

---

[2] For Mr. Van Huisen's benefit, the Court notes that its dismissal means he cannot proceed on these claims and facts. If Mr. Van Huisen re-files the same claims in a new action, on the same facts, that action also will be dismissed for failure to state a claim. Every dismissal for failure to state a claim is a "strike" under the Prison Litigation Reform Act.

3